cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Norma Merrell, et al., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>A. Dennis Lambert, Robert Rides At The )<br>Door, A.K.A. Robert "Smokey" Doore, a.k.a. )<br>Robert J. Doore, Sr., et al., )<br>)<br>Defendants. )<br>) | Civil No.06cv2068 IEG (AJB)<br><br>Order Denying Petition to Perpetuate<br>Testimony Before Action under Rule 27<br>[Doc. No. 1] |

Plaintiff moves for an Order granting her Petition to Perpetuate Testimony Before Action under Rule 27 of the Federal Rules of Civil Procedure. Plaintiff timely served the expected adverse parties and a hearing was held on the record on November 8, 2006, before Judge Battaglia. Appearing on behalf of the Petitioner was Lyndsay Heller, Esq. and J.E. 'Ring' Smith, Esq. No appearance was made by either of the adverse parties named in the Petition. Based upon the petition, arguments of counsel and for the reasons set forth herein, the Petition is hereby DENIED without prejudice.

*I. The Petition*

 *A. Facts Alleged*

Petitioner alleges a course of fraudulent and unlawful conduct by two adverse parties, A. Dennis Lambert (President of Glacier International Depository, Ltd. ("GID") and Robert J. Doore, Sr. (Chairman of GID) to entice Petitioner, as well as others, to deposit or invest funds in exchange for either a leveraged position and/or stock and an ownership position in GID and then provided nothing for their deposit or investment. GID is a banking depository licensed and authorized by the State of

Montana, located on the Blackfeet Indian Reservation. Petitioner will seek to recover $379,000 together with any appropriate penalties, fees and costs.

During the course of the hearing, Mr. Smith informed the Court that he had a telephone conference call with attorney Channing Harterlius representing adverse party Mr. Doore, who was present during the call. Mr. Doore was vague as to whether or not he had in his possession documents being sought by way of the Petition. Mr. Ring subsequently sent a letter to both adverse parties summarizing the telephone conversation with Messrs. Harterlius and Doore, and outlining the documentation sought, but has received no response as of the date of the hearing from either adverse party.

Additionally, Mr. Smith informed the Court that GID was no longer in business and that the corporate charted had been revoked by the State of Montana.

### *B. Testimony Sought*

Petitioner seeks accounting books and records, GID Corporate records including minutes of meetings, resolutions, financial reports, solicitations, stock shares certificates, authorizations for warrants, records reflecting non-transfer of promised GID stock, information concerning all bank accounts where investors' and depositors' funds were placed. Petitioner also seeks oral testimony from the two named individuals regarding the alleged fraudulent course of conduct. During the hearing, Petitioner's counsel, Mr. Smith, produced a list of documents sought by the Petitioner to the Court for inspection.

### *II. Discussion*

There is no absolute entitlement to early discovery under Rule 27. *Application of Eisenberg*, 654 F.2d 1107 (5th Cir.1981). "Abuse of the rule by potential plaintiffs, who might try to use it as a means of discovery to enable them to draw a complaint seems to be avoided by the requirement of Rule 27 that the party seeking the deposition be unable to bring the suit or cause it to be brought." *State of Nev. v. O'Leary*, 63 F.3d at 936. Refusal to permit discovery under Rule 27 prior to the institution of suit is a ruling with only temporary application as the Petitioner is free to seek discovery once the anticipated action has been filed.[1]

---

[1] *Application of Eisenberg*, 654 F.2d 1107 (5th Cir. 1981).

The Petition is therefore DENIED on the grounds that Petitioner is seeking this information in order to plead her allegations with the requisite specificity[2] and states only conclusory statements without specific facts that would tend to indicate that the evidence sought to be perpetuated is at risk of loss.[3] The Court finds no merit to Petitioner's assertion that evidence sought to be perpetuated is in any danger of being lost.[4]

### *III. Conclusion*

For the reasons set forth above, the Court finds that this case is not one which is appropriate to grant a petition to perpetuate testimony as Petitioner's requests are beyond the intended scope of Rule 27 and the Petitioner has failed to make the requisite showing of good cause necessary to warrant this extraordinary remedy.  The Petition is hereby DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: November 9, 2006

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court

---

[2] *Petition of Ernst*, 2 F.R.D. 447 (S.D. Cal 1942)(Petition must demonstrate a danger of losing the evidence by delay, but ordinarily a showing that the petitioner is unable to bring the expected action is sufficient to warrant an order fro perpetuation of testimony.); *Petition of Gurnsey*, 223 F. Supp 359 ( D.C. Cir. 1963)(Rule 27 does not provide a method of discovery to determine whether a cause of action exists and if so, against whom the action should instituted.); *Petition of State of N. C.*, 68 F.R.D. 410 (S.D.N.Y.1975)(granting of petition not warranted where petitioner was unable to bring the underlying action because it lacked facts necessary to frame a complaint).

[3] *Ash v. Cort*, 512 F.2d 909 (3rd Cir. 1975)(Rule 27 was not intended to serve as a substitute for discovery, but is available only in special circumstances to preserve testimony or evidence that could otherwise be lost.); *Lombardo's Inc. v. Prince Mfg., Inc.*, 753 F.2d 974 (11th Cir. 1985).

[4] Additionally, the Court notes that by serving the Petition on the adverse parties, the Petitioner has effectively made a preservation request which will provide other remedies once suit is filed against these adverse parties if they fail to preserve all documents and information relevant to the impending litigation.